IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 7248**

| | | |
|---|---|---|
| **RENEE MEYER,** | ) | |
| on behalf of herself and all others similarly situated, | ) ) ) | Case No. |
| Plaintiff, | ) ) | Judge |
| vs. | ) ) | Magistrate |
| EDUCATION FINANCE PARTNERS, INC. | ) ) ) ) | |
| Defendant. | ) ) ) | |

**JUDGE CONLON**
**MAGISTRATE JUDGE ASHMAN**

## CLASS ACTION COMPLAINT

Individual and representative Plaintiff, Renee Meyer, by and through her attorney, respectfully represents as follows:

### INTRODUCTION

1. In this action, Plaintiff, on behalf of herself and all others similarly situated, seeks redress for Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. as set forth herein. Plaintiff seeks statutory damages, punitive damages, costs and attorney fees pursuant to 15 U.S.C. § 1681n or, alternatively, actual damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681o.

### JURISDICTION AND VENUE

2. Federal question jurisdiction arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

3. Venue is proper in the Northern District of Illinois pursuant to section 1681p of the FCRA and 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff, Renee Meyer, is a natural person, a resident of Spring Grove, Illinois and a "consumer" as defined by section 1681a(c) of the FCRA.

5. Defendant Education Finance Partners, Inc. ("EFP") is a corporation with its principal place of business in California and subject to the jurisdiction of this court.

## STATUTORY STRUCTURE

6. Any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorney's fees.  15 U.S.C. § 1681n.

7. Any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with attorney's fees.  15 U.S.C. § 1681o.

## FACTS

8. In December 2007, Plaintiff received via U.S. mail an unsolicited student loan consolidation offer from EFP.  A copy is attached hereto as Exhibit A.

9. Exhibit A states, "This 'prescreened' offer of credit is based on information in your credit report …"

10. On information and belief, EFP made its offer based on information contained in Plaintiff's consumer report.

11. On information and belief, EFP sent or caused to be sent unsolicited mailers in the form represented by Exhibit A to numerous consumers, including Plaintiff.

12. Plaintiff did not authorize EFP to access or use Plaintiff's consumer report for purposes of mailing Exhibit A.

13. EFP's action needlessly subjected Plaintiff to an increased risk of identify theft and caused Plaintiff increased concern over her privacy.

## CAUSE OF ACTION

### COUNT I – Willful Failure to Comply with the FCRA

14. Under the FCRA, a consumer reporting agency ("CRA") may furnish a consumer report only for certain "permissible purposes." 15 U.S.C. § 1681b. One such purpose involves providing a consumer report to a person the CRA has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to." 15 U.S.C. § 1681b(a)(3)(A).

15. The FCRA further provides that an CRA may furnish a consumer report to such a person in connection with any credit transaction that is not initiated by the consumer only if, among other requirements, the "transaction consists of a firm offer of credit." 15 U.S.C. § 1681b(c)(1)(B)(i). Such offers are typically referred to as "prescreened" offers.

16. On information and belief, EFP sent mailers purporting to be prescreened offers of credit in the form of Exhibit A to numerous consumers, including Plaintiff, based on information contained in their consumer reports.

17. Exhibit A does not contain a "firm offer of credit" within the meaning of the FCRA. The offer is vague and devoid of any discussion of terms, including the amount, duration and interest rate of the loan. *Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7th Cir. 2004).

18. EFP, by obtaining Plaintiff's consumer report in order to make its student loan consolidation offer, violated section 1681b(f), which provides that no person shall use or obtain a consumer report for any purpose unless the report is obtained for a "permissible purpose."

19. EFP willfully failed to comply with the FCRA by failing to include a "firm offer of credit" in its offer to Plaintiff.

**COUNT II – Negligent Failure to Comply with the FCRA**

20. Plaintiff incorporates ¶¶ 1-18 into this count.

21. EFP negligently failed to comply with the FCRA by failing to include a "firm offer of credit" in its offer to Plaintiff.

**CLASS ALLEGATIONS**

22. Plaintiff brings this action on behalf of herself and all similarly situated persons within the United States to whom EFP sent or caused to be sent mailers in the form of Exhibit A on or after a date two years prior to the filing of this action.

23. All proposed class members of this class seek relief under the same legal theories, under the provisions of 15 U.S.C. §§ 1681n and 1681o, as set forth hereinabove,

so that the claims of the representative plaintiff are typical of the claims of all proposed class members.

24. The questions of law and fact set forth in the Complaint are common to all class members. The principle issue is whether obtaining a consumer report for the purpose of distributing material in the form of Exhibit A violates the FCRA.

25. The class is sufficiently numerous that joinder of all members is impractical.

26. Plaintiff has the same claims as the members of the class. All of the claims are based on the same legal theories.

27. Plaintiff will fairly and adequately represent the interests of the class members. She is committed to vigorously litigating this matter. Plaintiff has retained counsel with extensive experience with the FCRA and amendments made thereto by the Fair and Accurate Credit Transactions Act of 2003. Neither Plaintiff nor his counsel has any interests which might cause them to fail to vigorously pursue this claim.

28. A class action is a superior method for the fair and efficient adjudication of this controversy.

29. Class wide damages are essential to induce the Defendant to comply with the law.

30. The interest of the class members in individually controlling the presentation of separate claims against the Defendant is small because the maximum statutory damages in an individual FCRA action is $1,000.00.

31. This action should be maintained as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because common issues, as set forth hereinabove,

predominate over any individual issues, and because class action is superior to other methods available for resolution of this controversy.

32.  Plaintiff and class members are entitled to and hereby request a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff for herself and others similarly situated respectfully requests that this Court enter judgment against Defendant, including where appropriate:

(A)  Actual damages;

(B)  Statutory damages;

(C)  Punitive damages;

(D)  Attorney's fees and costs incurred in this action; and

(E)  Any other relief the Court deems just and appropriate.

DATED:  December 27, 2007          Respectfully submitted,

                                           s/ Alex Hageli
LAW OFFICE OF ALEX M. HAGELI
435 South Cleveland Avenue, Suite 306
Arlington Heights, IL  60005
(847) 392-4832
alex@hageli.com

**ATTORNEY FOR PLAINTIFF**